**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| James Grace,<br>Plaintiff,<br>v.<br>IWG PLC, et al.,<br>Defendants. | No. CV-26-06356-PHX-DWL<br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 4), which the Court denies.

The Court cannot find that Plaintiff has established the level of financial need that would allow Plaintiff to proceed in forma pauperis. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life. . . . As this court has recognized, one need not be absolutely destitute to obtain benefits of the in forma pauperis statute. Nonetheless, a plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty.") (citations and quotation marks omitted).

Plaintiff's gross monthly income is $3,000.[1] He lists his 63-year-old mother as a

[1] The affidavit states that Plaintiff's average monthly income is self-employment income in the amount of "$36000" (Doc. 4 at 1), but this contradicts a later statement that his gross monthly pay is "$3000" (*id.* at 2.) Because gross monthly pay of $3,000 is more plausible and would result in a gross annual income of $36,000, the Court assumes that the averment on the first page of the application was erroneous.

person who relies on him for support. Plaintiff's monthly income equates to an annual income of approximately $36,000, which exceeds the current federal poverty guidelines for a two-person household ($21,640).[2] *Badillo v. Comm'r of Soc. Sec.*, 2020 WL 2494575, *3 (E.D. Cal. 2020) ("In assessing whether a certain income level meets the poverty threshold under Section 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services."). Plaintiff has $1,827 in his checking account. Furthermore, Plaintiff's expenses do not reflect unusual circumstances that are beyond Plaintiff's control. Thus, Plaintiff can "pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. "Courts have consistently held that IFP status should not be granted where an applicant can pay the filing fee with acceptable sacrifice to other expenses." *Valentine v. Granville Realty, Inc.*, 2025 WL 1839935, *2 (E.D. Cal. 2025). "The Court is sympathetic to Plaintiff's financial constraints, [but] to qualify for IFP status, a plaintiff must be experiencing such poverty that the plaintiff cannot reasonably pay court costs without forgoing the normal necessities of life." *Reardon v. O'Malley*, 2024 WL 2160514, *2 (D. Idaho 2024).

Separately, Plaintiff has filed an emergency ex parte motion for a temporary restraining order ("TRO"). The Court does not typically consider any relief until the filing fee is paid, but due to the asserted urgent nature of the request, the Court will address it now.

A request for a TRO is analyzed under the same standards as a request for a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted); *see also Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.") (citation

---

[2] *Available at* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2026-poverty-guidelines-computations

omitted). A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. "But if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips sharply in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc*., 709 F.3d 1281, 1291 (9th Cir. 2013) (citation omitted). Under this "serious questions" variant of the *Winter* test, "[t]he elements . . . must be balanced, so that a stronger showing of one element may offset a weaker showing of another." *Lopez*, 680 F.3d at 1072.

Additionally, when a plaintiff requests a TRO *without* notice, as Plaintiff does here, two additional requirements are applicable. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Plaintiff has not submitted any affidavit or verified complaint, nor has Plaintiff certified in writing why notice should not be required. Indeed, Plaintiff appears to have already put Defendants on notice. (Doc. 3 at 11.) This is not a case involving allegations that Defendants will destroy evidence or engage in some other form of surreptitious misconduct unless they are secretly enjoined from doing so.

Furthermore, Plaintiff has not alleged some of the basic elements of his claim. He alleges that he has a disability that requires the use of a personal mobility scooter and "protection from sun exposure when traveling between his vehicle and his office" (Doc. 1 ¶¶ 14-15), but he does not allege what his disability is. He alleges that he is "is a member of a racial minority group" but fails to actually allege his race, and he alleges that

Defendant Lauren Lefco made a "discriminatory statement . . . in connection with Plaintiff's race and/or national origin" without identifying what Lefco said. (*Id.* ¶ 40.) Because the complaint, as it stands, fails to state a claim, the standard for a TRO is not met.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for leave to proceed in forma pauperis (Doc. 4) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff must pay the filing fee by **September 30, 2026**.

**IT IS FURTHER ORDERED** that the Clerk of Court, without further notice, shall dismiss this case without prejudice if Plaintiff fails to pay the filing fee by **September 30, 2026**.

**IT IS FURTHER ORDERED** that Plaintiff's emergency motion for ex parte TRO (Doc. 3) is **denied**.

Dated this 10th day of September, 2026.

Dominic W. Lanza
United States District Judge